**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAIJUN HU, | No.    20-72228 |
| Petitioner, | Agency No. A209-939-871 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
Pasadena, California

Before:  BYBEE and BENNETT, Circuit Judges, and BATAILLON,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joseph F. Bataillon, Senior United States District Judge for the District of Nebraska, sitting by designation.

Petitioner Haijun Hu, a native of China, seeks review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition in part and dismiss in part.

Petitioner illegally entered the United States on or about February 17, 2017. Petitioner filed an affirmative asylum application with United States Citizenship and Immigration Services ("Service"). The Service then referred the application to the Los Angeles Immigration Court and issued a Notice to Appear. Petitioner contends he was arrested and persecuted in China for attending "house church" and for practicing Christianity. He states he was detained for 15 days, interrogated, and severely beaten. If returned to China, he contends he will be persecuted by Chinese government officials.

The IJ denied Petitioner's request for asylum, withholding of removal, and CAT protection. The IJ found Petitioner not credible. The IJ determined that the information on Petitioner's visa application was false, including his identity. The IJ also determined that Petitioner likewise submitted false documents, including his baptismal certificate, which was facially altered. Petitioner also testified as to inconsistences regarding attending church. The IJ gave credence to the torture occurring in China but determined that Petitioner failed to establish that it was "more

likely than not" that he would be subject to torture by the Chinese government if he returned to China.

The BIA affirmed the IJ's denial of Petitioner's applications for asylum, withholding of removal, and relief under the CAT. The BIA determined that the IJ was not clearly erroneous as to her credibility findings and stated that in an absence of past persecution, Petitioner failed to show he would be persecuted if he returned to China. Petitioner filed for a stay of removal, which this court granted.

Petitioner challenges the denial of his withholding and CAT claims in his opening brief. The Government correctly argues, however, that Petitioner did not raise these issues on appeal to the BIA. The BIA previously determined that Petitioner waived his challenge to the withholding of removal and CAT protection findings. Petitioner does not challenge that finding in this appeal. Thus, we dismiss Petitioner's withholding and CAT claims because Petitioner has not exhausted administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that the court is barred, "for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below"). Our review is therefore limited to Petitioner's asylum claim.

Our standard of review after the Real ID Act is set forth in *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016).

> "We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by

reasonable, substantial, and probative evidence on the record considered as a whole.'" *Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, in order to reverse the BIA, "we must determine that the evidence not only *supports* a contrary conclusion but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Huang*, 744 F.3d at 1152 (alterations and internal quotation marks omitted). "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, this court reviews both decisions." *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011); *see also Shrestha v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013) (observing that "[w]hen the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision," we review only the BIA's decision "except to the extent that the IJ's opinion is expressly adopted").

*Id.* at 1184. Adverse credibility findings are reviewed under the substantial evidence standard. *See Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010).

Asylum is available to applicants who: (1) demonstrate their statutory eligibility for asylum as a "refugee"; and (2) merit a favorable exercise of the Attorney General's discretion. 8 U.S.C. § 1158(b)(1)(A); *see, e.g.*, *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). A refugee is defined as a person who is unable or unwilling to return to his or her country of origin "because of [past] persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An alien who establishes past persecution on account of a protected ground is presumed to have a well-founded fear of future persecution. *See* 8 C.F.R.

§ 1208.13(b)(1). The applicant bears the burden to prove his eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a).

Under the REAL ID Act, the IJ is permitted to base a credibility finding on:

the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which statements were made), the internal consistency of each statement, [and] the consistency of such statements with other evidence of record, . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . .

8 U.S.C. § 1158(b)(1)(B)(iii). Under the REAL ID Act, credibility determinations are made—and must be reviewed—"based on the 'totality of the circumstances and all relevant factors,' not a single factor." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). "The REAL ID Act implemented an important substantive change concerning the kinds of inconsistencies that may give rise to an adverse credibility determination. Inconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Alam*, 11 F.4th at 1136 (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

Substantial evidence supported the IJ's adverse credibility finding. First, the IJ found inconsistencies between Petitioner's testimony at his credible fear interview and during the hearing before the IJ that occurred under six months later. Because

of the salience of Petitioner's religious practice to his claims, the inconsistency in his testimony about when he first attended church should be given great weight in the credibility determination. *See Shrestha*, 590 F.3d at 1046–47 ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight."). Petitioner's explanation for this inconsistency is that he "recognized Jesus in [his] heart and decided to follow Jesus" in February 2016. The IJ found that he "was asked about these [statements] different times, and he did not resolve the inconsistency. He stuck to his inconsistent story and did not resolve the different statements." The IJ therefore considered and discredited this explanation with a "specific and cogent reason for rejecting it." *Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011)).

Second, the IJ found Petitioner's stories about obtaining a replacement passport and getting baptized in another town to be implausible. An IJ's "implausibility finding will ultimately hinge on the application of a reasonable evaluation of the testimony and evidence based on common sense." *Lalayan v. Garland*, 4 F.4th 822, 836–37 (9th Cir. 2021). Here, the IJ applied her common sense to Petitioner's testimonial evidence. The IJ found the "context of the timeline" that Petitioner presented made his story about why he obtained a replacement passport "not particularly plausible." The IJ noted the date he obtained the replacement passport was "after his alleged arrest." The IJ viewed Petitioner's

testimony that "he did not really care about the specifics of baptism" as evidence that it was implausible that he went to be baptized in another town.

Finally, Petitioner submitted a false baptismal certificate to the court and false information in his visa application. The IJ gave Petitioner a chance to explain the alteration in his baptismal certificate, but he stated only that it might have been "copied wrong." As the BIA has explained, "[t]he presentation of fraudulent documents is a critical factor in our analysis of the respondent's claim. Such fraud tarnishes the respondent's veracity and diminishes the reliability of his other evidence." *In re O-D-*, 21 I. & N. Dec. 1079, 1083 (B.I.A. 1998). Petitioner argues the false information in his visa application was made in the context of fleeing persecution. But Petitioner also lied to the U.S. government about his identity, testifying "that essentially all of the information on his visa application was false." "[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution . . . support an adverse inference." *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011). The false testimony on Petitioner's visa application was a "'legitimate articulable basis to question the petitioner's credibility,' and that together with past perjury and the absence of a reasonably available corroboration amounts to a 'cogent reason for [the IJ's] stated disbelief.'" *Id.* at 1273 (alteration in original) (quoting *Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir. 2009)).

For all these reasons, substantial evidence supports the agency's adverse credibility finding and its decision that Petitioner is ineligible for asylum. The evidence does not "compel" a different finding.

**THE PETITION IS DENIED IN PART AND DISMISSED IN PART.**